## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **MARSHALL T. AND TAMI SAVAGE,** | ) | **CIVIL ACTION No.**_____ |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

1.     Marshall T. Savage and his spouse, Tami Savage, ("**Plaintiffs**"), who are U.S. citizens, are the taxpayers in this case.  Plaintiffs reside at 11662 N. Avondale Loop, Hayden, Idaho 83835; the last four digits of their Social Security numbers are 4596 and 5473, respectively.

2.     Defendant is the United States of America ("**Defendant**").

### Jurisdiction

3.     This is an action for the refund of U.S. federal income tax and interest erroneously or illegally assessed and collected, and this Court has jurisdiction by reason of 28 U.S.C. §1346(a)(1).

**Factual Allegations**

4.      Plaintiffs filed Forms 1040X, Amended U.S. Individual Income Tax Returns jointly for tax years 2008, 2009, 2010, 2011, 2012, and 2013 with the Internal Revenue Service ("**IRS**") Service Center located in Ogden, Utah on April 19, 2021.

5.      Plaintiffs seek a refund of:  (a) $181,518 of U.S. federal income tax paid for the taxable year ending December 31, 2008; (b) $103,137 of U.S. federal income tax paid for the taxable year ending December 31, 2009; (c) $138,968 of U.S. federal income tax paid for the taxable year ending December 31, 2010; (d) $200,346 of U.S. federal income tax paid for the taxable year ending December 31, 2011; (e) $102,521 of U.S. federal income tax paid for the taxable year ending December 31, 2012; and (f) $29,389 of U.S. federal income tax paid for the taxable year ending December 31, 2013, together with interest as allowed by law.

**IRS Determination for the 2014 Tax Year**

6.      On or before March 30, 2018, Plaintiffs filed a Form 1040X, Amended Individual Income Tax Return, for tax year 2014 (the "**2014 Amended Return**") with the IRS Service Center located in Fresno, California to amend and correct the reporting of their investment in Savage Resources, LLC as subject to the at-risk limitations of Section 465 of the Internal Revenue Code (the "**Code**") and the limitations on percentage depletion set forth in Sections 613 and 613A of the Code.

2

A copy of the 2014 Amended Return is attached hereto, marked as Exhibit A, and made a part hereof.

7.      Nearly a year later, on February 26, 2019, the IRS sent Plaintiffs a Notice of Audit, Letter 2205 (Rev. 1-2017), for the tax periods ending December 31, 2014, 2015 and 2016.

8.      More than one year later, on March 3, 2020, the IRS sent Plaintiffs Letter 570 (Rev. 2-2017), ("**Letter 570**"), informing Plaintiffs that the claim for refund for the tax period ended December 31, 2014 had been accepted.  A copy of this Letter 570 is attached hereto, marked as Exhibit B, and made a part hereof.

9.      However, it was not until more than another year after sending the Letter 570 that the IRS finalized and closed the acceptance of the 2014 Amended Return by sending Plaintiffs a Notice CP21E.  In early June of 2021, Plaintiffs received Notice CP21E dated May 31, 2021, informing them that the IRS was accepting the 2014 Amended Return as filed and reducing Plaintiffs' 2014 tax liability by $184,232. A copy of Notice CP21E is attached hereto, marked as Exhibit C, and made a part hereof.

**Returns Impacted by the 2014 Determination**

10.     On April 19, 2021, based on informal IRS communications that Plaintiffs had correctly reported the at-risk and percentage depletion limitations on the 2014 Amended Return, Plaintiffs filed Forms 1040X, amended Individual

Income Tax Returns, for each of the 2006, 2007, 2008, 2009, 2010, 2011, 2012, and 2013 tax years (together, the "**Amended Returns**") with the IRS Service Center in Ogden, Utah.  Consistent with the 2014 Amended Return, each of the Amended Returns included recalculations of at-risk limitations, at-risk suspended losses, net operating loss deductions, and suspended percentage depletion carryovers, as well as corollary adjustments.  Specifically:

a.  The 2006 Amended Return increased Plaintiffs' U.S. federal income tax liability by $24,314.  The IRS has accepted this return but has agreed to hold collection procedures pending global resolution of the Amended Returns.

b.  The 2007 Amended Return increased Plaintiffs' U.S. federal income tax liability by $212,487.  The IRS has accepted this return but has agreed to hold collection procedures pending global resolution of the Amended Returns.

c.  The 2008 Amended Return decreased Plaintiffs' U.S. federal income tax liability by $181,518.  A copy of the claim for refund for tax year 2008 is attached hereto, marked as Exhibit D, and made a part hereof. On July 30, 2021, the IRS issued Letter 105C, Disallowance of Claim, for the 2008 Amended Return (the "**2008 Disallowance**").  A copy of

the 2008 Disallowance is attached hereto, marked as Exhibit E, and made a part hereof.

d.  The 2009 Amended Return decreased Plaintiffs' U.S. federal income tax liability by $103,137.  As of the date hereof, which is more than six (6) months from the date on which the claim for refund was filed, this 2009 Amended Return has not been accepted or rejected by the IRS.  A copy of the claim for refund for tax year 2009 is attached hereto, marked as Exhibit F, and made a part hereof.

e.  The 2010 Amended Return decreased Plaintiffs' U.S. federal income tax liability by $138,968.  As of the date hereof, which is more than six (6) months from the date on which the claim for refund was filed, this 2010 Amended Return has not been accepted or rejected by the IRS.  A copy of the claim for refund for tax year 2010 is attached hereto, marked as Exhibit G, and made a part hereof.

f.  The 2011 Amended Return decreased Plaintiffs' U.S. federal income tax liability by $200,346.  As of the date hereof, which is more than six (6) months from the date on which the claim for refund was filed, this 2011 Amended Return has not been accepted or rejected by the IRS.  A copy of the claim for refund for tax year 2011 is attached hereto, marked as Exhibit H, and made a part hereof.

g. The 2012 Amended Return decreased Plaintiffs' U.S. federal income tax liability by $102,521.  A copy of the claim for refund for tax year 2012 is attached hereto, marked as Exhibit I, and made a part hereof. The IRS issued Letter 105C, Disallowance of Claim, on July 13, 2021 for the 2012 Amended Return (the "**2012 Disallowance**").  A copy of the 2012 Disallowance is attached hereto, marked as Exhibit J, and made a part hereof.

h. The 2013 Amended Return decreased Plaintiffs' U.S. federal income tax liability by $29,389.  A copy of the claim for refund for tax year 2013 is attached hereto, marked as Exhibit K, and made a part hereof. The IRS issued Letter 105C, Disallowance of Claim, on July 15, 2021 for the 2013 Amended Return (the "**2013 Disallowance**").  A copy of the 2013 Disallowance is attached hereto, marked as Exhibit L, and made a part hereof.

### COUNT I - Plaintiffs' 2008 Claim

11.     Plaintiffs filed their original Form 1040 for the taxable year ending December 31, 2008 on or before November 16, 2009, reporting total income tax liability (including alternative minimum tax) of $245,633 which Plaintiffs paid in full (the "**Original 2008 Return**").

12.    The 2014 Amended Return, to which the IRS agreed, included *inter alia*, a recalculation of net operating loss deductions and at-risk carryovers disallowing deductions which should have been allowed to Plaintiffs on the Original 2008 Return.  Plaintiffs filed the 2008 Amended Return to correct this double disallowance of deductions (the "**2008 Claim**").

13.    The positions taken by the IRS with respect to the 2014 Amended Return are inconsistent with the erroneous disallowance of deductions as reported on the Original 2008 Return.

14.    Plaintiffs filed a Formal Protest to Disallowance of Claim for the 2008 Amended Return (the "**2008 Protest**") with the IRS on August 12, 2021.

15.    Plaintiffs submitted the 2008 Protest to appeal the IRS' initial denial of the 2008 Claim.

16.    Plaintiffs' 2008 Protest was erroneously denied by the IRS via Letter 2681 (Rev. 10-2021) dated March 2, 2023 (the "**2008 Protest Denial**").  A copy of the 2008 Protest Denial is attached hereto, marked as Exhibit M, and made a part hereof.

17.    The 2008 Disallowance denied the claim for refund made pursuant to the 2008 Amended Return as untimely, and indicated that October 15, 2012 was the last date Plaintiffs could have filed a refund claim for the 2008 tax year.

18.     Sections 1311 through 1314 of the Code and Treasury Regulations promulgated thereunder should be applied to mitigate the statute of limitations applicable to the 2008 Amended Return.  The 2008 Disallowance failed to consider these sections of the Code.

19.     The jurisdictional prerequisites for this 2008 Claim pursuant to Code Sections 6532 and 7422 have been satisfied.

### COUNT II - Plaintiffs' 2009 Claim

20.     Plaintiffs filed their original Form 1040 for the taxable year ending December 31, 2009 on or before November 15, 2010, reporting total income tax liability (including alternative minimum tax) of $138,662 which Plaintiffs paid in full (the "**Original 2009 Return**").

21.     The 2014 Amended Return, to which the IRS agreed, included *inter alia*, a recalculation of net operating loss deductions and at-risk carryovers disallowing deductions which should have been allowed to Plaintiffs on the Original 2009 Return.  Plaintiffs filed the 2009 Amended Return on or before April 19, 2021 to correct this double disallowance of deductions (the "**2009 Claim**").

22.     The positions taken by the IRS with respect to the 2014 Amended Return are inconsistent with the erroneous disallowance of deductions as reported on the Original 2009 Return.

23.    Pursuant to Section 6532(a)(1) of the Code and Treasury Regulations promulgated thereunder, Plaintiffs are eligible to file suit for the recovery of U.S. federal income tax under Section 7422 of the Code as more than six months have passed from the date of the filing of the 2009 Claim and no decision has been made by the IRS with respect to such claim.

24.    As of the date hereof, the IRS has not accepted or rejected Plaintiffs' 2009 Claim.

25.    Plaintiffs filed the 2009 Claim on or before April 19, 2021, more than six months prior to the date hereof.

26.    The jurisdictional prerequisites for this 2009 Claim pursuant to Code Sections 6532 and 7422 have been satisfied.

### COUNT III - Plaintiffs' 2010 Claim

27.    Plaintiffs filed their original Form 1040 for the taxable year ending December 31, 2010 on or before November 21, 2011, reporting total income tax liability (including alternative minimum tax) of $250,544 which Plaintiffs paid in full (the "**Original 2010 Return**").

28.    The 2014 Amended Return, to which the IRS agreed, included *inter alia*, a recalculation of net operating loss deductions and at-risk carryovers disallowing deductions which should have been allowed to Plaintiffs on the Original

2010 Return.  Plaintiffs filed the 2010 Amended Return on or before April 19, 2021 to correct this double disallowance of deductions (the "**2010 Claim**").

29.    The positions taken by the IRS with respect to the 2014 Amended Return are inconsistent with the erroneous disallowance of deductions as reported on the Original 2010 Return.

30.    On September 8, 2021, the IRS issued Letter 105C, Disallowance of Claim, for the 2010 Amended Return (the "**2010 Disallowance**").  A copy of the 2010 Disallowance is attached hereto, marked as Exhibit N, and made a part hereof.

31.    Plaintiffs filed a Formal Protest to Disallowance of Claim for the 2010 Amended Return (the "**2010 Protest**") with the IRS on September 21, 2021.

32.    Plaintiffs submitted the 2010 Protest to appeal the IRS' initial denial of the 2010 Claim.

33.    By letter dated April 1, 2022, ("**Letter 916C**"), the IRS informed Plaintiffs that the 2010 Protest was missing information and could not be processed.

34.    On May 17, 2022, Plaintiffs sent the IRS a revised draft of the 2010 Protest, (the "**Revised 2010 Protest**"), that provided the missing information as requested by the IRS in Letter 916C.

35.    After months of no communication from the IRS, in February 2023, Plaintiffs followed-up with correspondence to:  (i) inquire about the status of the

2010 Claim, and (ii) confirm that, on May 23, 2022, the IRS received the requested supplemental information to the 2010 Protest.

36.    As of the date hereof, the IRS has not responded to Plaintiffs' Revised 2010 Protest nor accepted or denied the 2010 Claim.

37.    Pursuant to Section 6532(a)(1) of the Code and Treasury Regulations promulgated thereunder, Plaintiffs are eligible to file suit for the recovery of U.S. federal income tax under Section 7422 of the Code as more than six months have passed from the date of the filing of the 2010 Claim and no decision has been made by the IRS with respect to such claim.

38.    Plaintiffs filed the 2010 Claim on or before April 19, 2021, more than six months prior to the date hereof.

39.    The jurisdictional prerequisites for this 2010 Claim pursuant to Code Sections 6532 and 7422 have been satisfied.

## COUNT IV - Plaintiffs' 2011 Claim

40.    Plaintiffs filed their original Form 1040 for the taxable year ending December 31, 2011 on or before November 12, 2012, reporting total income tax liability (including alternative minimum tax) of $213,442 which Plaintiffs paid in full (the "**Original 2011 Return**").

41.    The 2014 Amended Return, to which the IRS agreed, included *inter alia*, a recalculation of net operating loss deductions and at-risk carryovers

disallowing deductions which should have been allowed to Plaintiffs on the Original 2011 Return.  Plaintiffs filed the 2011 Amended Return on or before April 19, 2021 to correct this double disallowance of deductions (the "**2011 Claim**").

42.     The positions taken by the IRS with respect to the 2014 Amended Return are inconsistent with the erroneous disallowance of deductions as reported on the Original 2011 Return.

43.     Pursuant to Section 6532(a)(1) of the Code and Treasury Regulations promulgated thereunder, Plaintiffs are eligible to file suit for the recovery of U.S. federal income tax under Section 7422 of the Code as more than six months have passed from the date of the filing of the 2011 Claim and no decision has been made by the IRS with respect to such claim.

44.     As of the date hereof, the IRS has not accepted or rejected Plaintiffs' 2011 Claim.

45.     Plaintiffs filed the 2011 Claim on or before April 19, 2021, more than six months prior to the date hereof.

46.     The jurisdictional prerequisites for this 2011 Claim pursuant to Code Sections 6532 and 7422 have been satisfied.

## COUNT V - Plaintiffs' 2012 Claim

47.     Plaintiffs filed their original Form 1040 for the taxable year ending December 31, 2012 on or before November 18, 2013, reporting total income tax

liability (including alternative minimum tax) of $101,260 which Plaintiffs paid in full (the "**Original 2012 Return**").

48.     The 2014 Amended Return, to which the IRS agreed, included *inter alia*, a recalculation of net operating loss deductions and at-risk carryovers disallowing deductions which should have been allowed to Plaintiffs on the Original 2012 Return.  Plaintiffs filed the 2012 Amended Return to correct this double disallowance of deductions (the "**2012 Claim**").

49.     The positions taken by the IRS with respect to the 2014 Amended Return are inconsistent with the erroneous disallowance of deductions as reported on the Original 2012 Return.

50.     Plaintiffs filed a Formal Protest to Disallowance of Claim for the 2012 Amended Return (the "**2012 Protest**") with the IRS on July 20, 2021.

51.     Plaintiffs submitted the 2012 Protest to appeal the IRS' initial denial of the 2012 Claim.

52.     Plaintiffs' 2012 Protest was erroneously denied by the IRS via Letter 2681 (Rev. 10-2021) dated March 2, 2023 (the "**2012 Protest Denial**").  A copy of the 2012 Protest Denial is attached hereto, marked as Exhibit M, and made a part hereof.

53.    The 2012 Disallowance denied the claim for refund made pursuant to the 2012 Amended Return as untimely and indicated that February 3, 2021 was the last date Plaintiffs could have filed a refund claim for the 2012 tax year.

54.    However, Plaintiffs only received formal confirmation that the IRS accepted the changes to the 2014 Amended Return in June of 2021 when they received notice of the refund in the amount of $185,232 by IRS Notice CP21E.

55.    Sections 1311 through 1314 of the Code and Treasury Regulations promulgated thereunder should be applied to mitigate the statute of limitations applicable to the 2012 Amended Return.  The 2012 Disallowance failed to consider these sections of the Code.

56.    The jurisdictional prerequisites for this 2012 Claim pursuant to Code Sections 6532 and 7422 have been satisfied.

### COUNT VI - Plaintiffs' 2013 Claim

57.    Plaintiffs filed their original Form 1040 for the taxable year ending December 31, 2013 on or before November 10, 2014, reporting total income tax liability (including alternative minimum tax) of $29,018 which Plaintiffs paid in full (the "**Original 2013 Return**").

58.    The 2014 Amended Return, to which the IRS agreed, included, *inter alia*, a recalculation of net operating loss deductions and at-risk carryovers disallowing deductions which should have been allowed to Plaintiffs on the Original

2013 Return. Plaintiffs filed the 2013 Amended Return to correct this double disallowance of deductions (the "**2013 Claim**").

59.     The positions taken by the IRS with respect to the 2014 Amended Return are inconsistent with the erroneous disallowance of deductions as reported on the Original 2013 Return.

60.     Plaintiffs filed a Formal Protest to Disallowance of Claim for the 2013 Amended Return (the "**2013 Protest**") with the IRS on August 12, 2021.

61.     Plaintiffs submitted the 2013 Protest to appeal the IRS' initial denial of the 2013 Claim.

62.     Plaintiffs' 2013 Protest was erroneously denied by the IRS via Letter 2681 (Rev. 10-2021) dated March 2, 2023 (the "**2013 Protest Denial**"). A copy of the 2013 Protest Denial is attached hereto, marked as Exhibit O, and made a part hereof.

63.     The 2013 Disallowance denied the claim for refund made pursuant to the 2013 Amended Return as untimely and noted that the claim was not filed within three years from the date of the Original 2013 Return. Unlike in the 2008 and 2012 Disallowances, the IRS did not provide a specific date by which the Plaintiffs must have filed the 2013 Disallowance.

64.     Sections 1311 through 1314 of the Code and Treasury Regulations promulgated thereunder should be applied to mitigate the statute of limitations

applicable to the 2013 Amended Return.  The 2013 Disallowance failed to consider these Sections of the Code.

65.     The jurisdictional prerequisites for this 2013 Claim pursuant to Code Sections 6532 and 7422 have been satisfied.

## DEMAND FOR RELIEF
### (Refund Suit)

66.     Plaintiffs incorporate the preceding paragraphs as if set forth fully herein.

67.     Plaintiffs seek to bring suit for the refund of the overpayment of U.S. federal income taxes for the taxable years ending December 31, 2008, December 31, 2009, December 31, 2010, December 31, 2011, December 31, 2012, and December 31, 2013.

68.     This lawsuit is timely filed:

a. being within two (2) years from July 30, 2021, the date on the letter denying the claim for refund for the 2008 Amended Return;

b. being more than six (6) months from April 19, 2021, the date of the filing of the claim for refund for the 2009 Amended Return, with no decision from the IRS for the 2009 Claim;

c. being more than six (6) months from April 19, 2021, the date of the filing of the claim for refund for the 2010 Amended Return, with no decision from the IRS for the 2010 Claim;

    d.  being more than six (6) months from April 19, 2021, the date of the filing of the claim for refund for the 2011 Amended Return, with no decision from the IRS for the 2011 Claim;

    e.  being within two (2) years from July 13, 2021, the date on the letter denying the claim for refund for the 2012 Amended Return; and

    f.  being within two (2) years from July 15, 2021, the date on the letter denying the claim for refund for the 2013 Amended Return.

69.    Defendant has refused to refund the overpayment of taxes claimed by Plaintiffs, and for the reasons set out in the claims for refund for tax years 2008, 2009, 2010, 2011, 2012 and 2013, Plaintiffs are entitled to and hereby demand judgment against Defendant for the amounts of \$181,518, \$103,137, \$138,968, \$200,346, \$102,521, and \$29,389, respectively, or such other amount as is appropriate, plus interest and costs thereon as provided by law.

70.    Plaintiffs are the owners of the claims for refund for tax years 2008, 2009, 2010, 2011 2012, and 2013, and they have not been transferred or assigned.

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

    1.  Determine Sections 1311 through 1314 of the Code apply to mitigate the statutes of limitation applicable to Plaintiffs' refund claims for tax years 2008, 2012, and 2013, and, if applicable, to Plaintiffs' refund

claims for tax years 2009, 2010, and 2011.

2. Determine Section 6532(a)(1) of the Code applies to allow Plaintiffs to pursue a decision for the claims for refund by virtue of this Complaint for refund for tax years 2009, 2010, and 2011.

3. Determine Plaintiffs are entitled to judgment in the amount of $181,518 for the 2008 tax year, $103,137 for the 2009 tax year, $138,968 for the 2010 tax year, $200,346 for the 2011 tax year, $102,521 for the 2012 tax year, and $29,389 for the 2013 tax year, in each case, plus interest and costs allowed by law, and as such other relief this Court may deem just.

## IDENTIFICATION STATEMENT

Pursuant to Rule 9(m)(2)(B), Rules of United States Court of Federal Claims, Marshall T. and Tami Savage ("**Plaintiffs**") make the following statement confirming:

i. Plaintiffs are seeking a refund of U.S federal income tax for the taxable years ending December 31, 2008, December 31, 2009, December 31, 2010, December 31, 2011, December 31, 2012 and December 31, 2013;

ii. Plaintiffs are seeking a refund of U.S federal income tax in the amounts of $181,518, $103,137, $138,968, $200,346, $102,521, and $29,389 for tax years 2008, 2009, 2010, 2011, 2012, and 2013, respectively, from the claims for refund associated with the following Forms 1040X, amended Individual Income Tax Returns (together, the "**Amended Returns**"):

   a. The 2008 Amended Return decreased Plaintiffs' tax liability in the amount of $181,518.

   b. The 2009 Amended Return decreased Plaintiffs' tax liability in the amount of $103,137.

   c. The 2010 Amended Return decreased Plaintiffs' tax liability in the amount of $138,968.

   d. The 2011 Amended Return decreased Plaintiffs' tax liability in the amount of $200,346.

e. The 2012 Amended Return decreased Plaintiffs' tax liability in the amount of $102,521.

f. The 2013 Amended Return decreased Plaintiffs' tax liability in the amount of $29,389.

iii. Plaintiffs filed the Amended Returns on or before April 19, 2021, with the IRS Service Center in Ogden, Utah;

iv. The taxpayer, Marshall T. Savage and his spouse, Tami Savage, currently reside at 11662 N. Avondale Loop, Hayden, Idaho 83835. The last four digits of their Social Security numbers are 4596 and 5473, respectively;

v. The claims for refund for each of the tax years, 2008, 2009, 2010, 2011, 2012 and 2013, were filed on or before April 19, 2021, with the IRS Service Center in Ogden, Utah;

vi. The identification number(s) of Plaintiffs does not differ from that of the taxpayer. Plaintiffs are the taxpayer.

Respectfully submitted,

*Elizabeth A. Smith*

ELIZABETH A. SMITH
BAKER & HOSTETLER LLP
45 Rockefeller Plaza, 15th Floor
New York, NY  10111
Telephone:  (212) 589-4277
Esmith@bakerlaw.com

Dated: July 11, 2023.                   Attorney for Plaintiffs